UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOE NATHAN SMITH, JR. Individually
and As Next Friend of Minor, K.S.

        Plaintiff,

                    Case No. 2:26-cv-12116

vs.

                    HON.

CITY OF EASTPOINTE,
EASTPOINTE POLICE OFFICER JOSEPH REBAR,
EASTPOINTE POLICE OFFICER BRIAN THOME
AND EASTPOINTE EMPLOYEE JANE DOE

| | |
|---|---|
| **PENTIUK, COUVREUR & KOBILJAK, P.C.**<br>Randall A. Pentiuk (P32556)<br>Terry L. Johnson (P70773)<br>*Attorneys for Plaintiff*<br>2915 Biddle Avenue, Suite 200<br>Wyandotte, MI 48192<br>Phone:   (734) 281-7100<br>Fax No. (734) 281-2524<br>Rpentiuk@pck-law.com<br>Tjohnson@pck-law.com | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, JOE NATHAN SMITH, JR., individually and as

next friend of minor, K.S. (sometimes collectively referred to as "Plaintiffs") by

and through their attorneys, PENTIUK, COUVREUR & KOBILJAK, P.C., and

for their Complaint against Defendants, CITY OF EASTPOINTE, EASTPOINTE

POLICE OFFICER JOSEPH REBAR, EASTPOINTE POLICE OFFICER

1

BRIAN THOME AND EASTPOINTE EMPLOYEE JANE DOE (sometimes collectively referred to as "Defendants") state as follows:

**INTRODUCTION**

1. Plaintiff Joe Nathan Smith Jr. was driving his car with his eight-year-old daughter K.S. in the passenger seat when Eastpointe Police Officers Joe Rebar and Brian Thome conducted a traffic stop due to an alleged cracked rear brake light.

2. Mr. Smith informed Officers Rebar and Thome that he had a suspended driver's license, that he only lived one mile away and asked them if they could simply transport K.S. home or if could call someone to give his daughter a ride home.

3. Instead of simply driving her home, which was only a mile away, or allowing Mr. Smith to call a relative to pick her up, who was ready, willing and able to do so at the site of the traffic stop, Officers Rebar and Thome told K.S her "daddy was being arrested", placed her in the back of a police cruiser, transported her to the Eastpointe Police Department and unreasonably detained her in a holding cell meant for adults.

4. Of course, detaining an eight-year-old minor in a holding cell and depriving her of her liberty and freedom, instead of simply driving her home,

2

which was only one mile away, or allowing her relatives to pick her up from the site of the traffic stop, is illegal and shocks the conscience.

5. As described in more detail below, Defendants violated the US Constitution, the Michigan Constitution and federal and state law by, among other things, unreasonably seizing and detaining an eight-year-old innocent child in a holding cell instead of simply driving her home (which was only a mile away) or allowing her relatives to pick her up from the site of the traffic stop.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, Federal and State law and the Constitution of the State of Michigan.

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over their State constitutional and State law claims pursuant to 28 U.S.C. §1367(a).

8. Venue is proper under 28 U.S.C. §1391(b)(2) because this is the judicial district in which the events giving rise to this claim occurred.

3

**THE PARTIES**

9. Plaintiff Joe Nathan Smith, Jr. is an individual who resides Roseville, Michigan.

10. Plaintiff K. S. is an eight-year-old minor who resides in Roseville, Michigan and Plaintiff Joe Nathan Smith, Jr. is her father who brings this case on her behalf as next friend.

11. Defendant the City of Eastpointe (sometimes referred to as the "City") is a municipal corporation which, among other things, operates the Eastpointe Police Department, and employs Eastpointe Police Officers Joseph Rebar, Brian Thome and employee Jane Doe.

12. Defendant Joseph Rebar is an individual employed by the City as a police officer at all relevant times who conducted a traffic stop of Plaintiffs and unreasonably seized and detained K.S. contrary to federal and state law.

13. Defendant Brian Thome is an individual employed by the City as a police officer at all relevant times and who conducted a traffic stop of Plaintiffs and unreasonably seized and detained K.S. contrary to federal and state law.

14. Defendant Jane Doe is an individual employed by the City at all relevant times and who was present in the Eastpointe Police Department at the

4

front desk when Plaintiff K. S. was unreasonably detained in a holding cell contrary to federal and state law.

## STATEMENT OF FACTS

15. On February 22, 2026, Plaintiff Joe Nathan Smith, Jr. was driving his car with his eight-year-old daughter K.S. in the passenger seat when Eastpointe Police Officers Joe Rebar and Brian Thome conducted a traffic stop due to an alleged cracked rear brake light.

16. Mr. Smith informed Officers Rebar and Thome that he had a suspended driver's license, that he lived one mile away and asked them if he could call someone to pick up his eight-year-old minor daughter.

17. Kimberly Smith (Grandmother of K.S.) was ready, willing and able to pick up K.S. and transport her home as the traffic stop occurred only one mile from her home.

18. Joe Nathan Smith, Jr. repeatedly advised Officers Rebar and Thome that Kimberly Smith was ready, willing and able to pick up K.S. and transport her home but ignored and refused to allow this or to transport her home themselves.

5

19. Instead of allowing Mr. Smith to call someone to pick up his minor daughter, Officers Rebar and Thome handcuffed him, placed him under arrest and took him into custody for having a suspended driver's license.

20. Officers Rebar and Thome then asked K.S. if she knew that a driver's license was required to drive and proceeded to tell her that her "daddy was being arrested" because he did not have a valid driver's license.

21. This was obviously greatly upsetting to K.S. and she began to cry as she was separated from her father, denied a ride home from family and placed in the back of an Eastpointe Police Department police vehicle.

22. Unfortunately, things would only get worse for K.S. after she was transported to the Eastpointe Police Department by Officers Rebar and Thome.

23. Upon arriving at the Eastpointe Police Station, K. S. was unreasonably detained in a holding cell by Officers Rebar, Thome and City of Eastpointe employee Jane Doe who was working at the front desk that evening.

24. Defendants closed and locked the door to the holding cell and detained K.S. against her will which caused her to call a relative on her iPad/tablet, on her own initiative and without assistance from Defendants.

6

25.     Upon receiving the aforementioned call, K.S.' relatives traveled to the Eastpointe Police Department to take K.S. home and Defendants released K.S. at approximately 9:46pm.

26.     Defendants did not advise K.S. that she was free to leave.

27.     Plaintiffs bring this civil rights action under 28 U.S.C. §§1983 and 1988, the US and Michigan Constitutions and common law as a result of Defendants' wrongful conduct.

**COUNT I**
**Unreasonable Seizure and Detainment of a Minor in Violation of Fourth Amendment Under 42 U.S.C. § 1983 –**
**Against Officers Rebar, Thome and Doe**

28.     Plaintiffs incorporate paragraphs 1 through 27, *supra,* as if more fully set forth herein.

29.     On February 22, 2026, Officers Rebar and Thome, acting under color of law and within the scope of their employment and authority, seized K.S. by placing her in the back of an Eastpointe Police Department vehicle and then detained her by placing her in a locked holding cell against her will  at the Eastpointe Police Department.

30.     Defendant Jane Doe, acting under color of law and within the scope of her employment and authority, was working at the front desk of the Eastpointe

Police Station when K. S. was brought in and unreasonably detained in a locked holding cell against her will.

31.     Plaintiff K. S. had a Fourth Amendment constitutional right against unreasonable seizure, detention and deprivation of liberty.

32.     Officers Rebar and Thome deprived K.S. of her constitutional rights under the Fourth Amendment by unreasonably seizing her, placing her in the back of an Eastpointe Police Department vehicle and subsequently detaining her in a locked holding cell, despite the fact that her relatives were ready, willing and able to transport her home from the site of the traffic stop and this fact was communicated to Officers Rebar and Thome.

33.     K. S. was unreasonably seized and detained by Officers Rebar and Thome and Defendant Jane Doe despite the fact that she was completely innocent, had relatives ready, willing and able to transport her home and this fact was communicated to Officers Rebar and Thome.

34.     Defendant Jane Doe unlawfully deprived K.S. of her constitutional rights under the Fourth Amendment by unreasonably detaining her against her will in a locked holding cell and/or failing and/or refusing to release her.

35.     Defendants Rebar, Thome and Doe violated Plaintiffs' clearly established Fourth Amendment rights to be free from unreasonable seizure and

8

deprivation of liberty by seizing K.S. and placing her in a locked holding cell despite the fact that her relatives were ready, willing and able to transport her home from the site of the traffic stop and this fact was communicated to Officers Rebar and Thome.

36.    Defendants did not advise K.S. that she was free to leave.

37.    Defendants detained K.S. for an unreasonable period of time and failed to promptly arrange her release to her relatives.

38.    A reasonable person in K.S.' position would not believe she was free to leave since she was detained in a locked holding cell for more than 30 minutes and was never informed by Defendants that she was free to leave.

39.    As a direct and proximate result of the foregoing actions and/or omissions, Plaintiffs suffered injuries, including but not limited to:

a.    Unreasonable seizure and loss of liberty when alternatives were readily available and known to Defendants;

b.    Pain and suffering;

c.    Severe mental anguish, emotional and psychological distress, humiliation, indignities, embarrassment and degradation;

d.    Loss of earnings and earning potential; and

e.    Continuing injuries and damages.

9

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Officers Rebar, Thome and Defendant Jane Doe for: (a) compensatory damages; (b) attorneys' fees and costs pursuant to 42 U.S.C. §1988, and other applicable law; (c) punitive damages against to the extent they acted willfully, wantonly, and/or maliciously; and (d) any other relief this Court deems just and appropriate.

## COUNT II
### Violation of 14th Amendment for the Unreasonable Seizure and Detention of K. S. Under 42 U.S.C. § 1983 – Against Officers Rebar, Thome and Doe

40. Plaintiffs incorporate paragraphs 1 through 39, *supra,* as if more fully set forth herein.

41. The 14th Amendment to the US Constitution states that no person shall be deprived of life, liberty, or property without due process of law.

42. Plaintiff K. S. had a constitutional right, guaranteed by the Fourth Amendment, to be free of unreasonable detention.

43. On February 22, 2026, Officers Rebar and Thome, acting under color of law and within the scope of their employment and authority, seized K. S. by placing her in the back of an Eastpointe Police Department vehicle and then

10

detained her by placing her in a locked holding cell at the Eastpointe Police Department.

44.     Defendant Jane Doe, acting under color of law and within the scope of her employment and authority, was working at the front desk of the Eastpointe Police Station when K. S. was brought in and unlawfully detained in a locked holding cell against her will.

45.     Officers Rebar, Thome and Defendant Doe were required to provide K. S. with due process under the 14th Amendment, including but not limited to first determining whether she could have been released to the custody of Kimberly Smith who was ready, willing and able to transport her from the site of the traffic stop and which fact was communicated to Officers Rebar and Thome, instead of transporting her in the back of a police car and detaining her in a locked holding cell.

46.     Officers Rebar, Thome and Defendant Jane Doe deprived K. S. of due process under the 14th Amendment by seizing and detaining her in a locked holding cell despite the fact that her relatives were ready, willing and able to transport her home from the site of the traffic stop and this fact was communicated to Officers Rebar and Thome.

47. Defendants Rebar, Thome and Doe violated Plaintiffs' clearly established rights under the 14th Amendment by seizing her and detaining her in a locked holding cell despite the fact that her relatives were ready, willing and able to transport her home from the site of the traffic stop and this fact was communicated to Officers Rebar and Thome.

48. Defendants did not advise K.S. that she was free to leave.

49. Defendants detained K.S. for an unreasonable period of time and failed to promptly arrange her release to her relatives.

50. A reasonable person in K.S.' position would not believe she was free to leave since she was detained in a locked holding cell for more than 30 minutes and was never informed by Defendants that she was free to leave.

51. As a direct and proximate result of the foregoing actions and/or omissions, Plaintiffs suffered injuries, including but not limited to:

a. Unlawful/false arrest, seizure and loss of liberty without procedural due process;

b. Pain and suffering;

c. Severe mental anguish, emotional and psychological distress, humiliation, indignities, embarrassment and degradation;

d. Loss of earnings and earning potential; and

e. Continuing injuries and damages.

12

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Officers Rebar, Thome and Defendant Jane Doe for: (a) compensatory damages; (b) attorneys' fees and costs pursuant to 42 U.S.C. §1988, and other applicable law; (c) punitive damages against to the extent they acted willfully, wantonly, and/or maliciously; and (d) any other relief this Court deems just and appropriate.

**COUNT III—42 U.S.C. § 1983**
**Municipal Liability Under *Monell* – Failure to Train - Against the City**

52. Plaintiffs incorporate paragraphs 1 through 51, *supra*, as if more fully set forth herein.

53. The City can be held liable under §1983 for constitutional violations arising from its failure to adequately supervise, monitor and train its employees. *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006).

54. Pursuant to 42 U.S.C. §1983, as well as the Fourth and 14th Amendments to the United States Constitution, the City owed Plaintiffs certain duties to adequately supervise, monitor and train its police officers and employees: a) that seizing and detaining an eight-year-old minor child in a locked holding cell intended for adults when her relatives were ready, willing and able to transport to her home from the site of the traffic stop was unreasonable; and b)

Michigan law provides that if a minor is taken into custody or detained, the minor must not be confined in a police station, prison, jail or lock-up.

55.    The City failed to adequately supervise, monitor and/or train its employees on the foregoing requirements and prohibitions, including but not limited to Defendants Rebar, Thome and Doe, whose failure to supervise, monitor and/or train caused them to unreasonably seize and detain K. S. when other alternatives were readily available and known to those Defendants and contrary to MCL §712A.16 which in turn caused Plaintiffs to suffer damages as a result.

56.    The City knew or should have known that its failure to adequately supervise, monitor and/or train its employees, including but not limited to Defendants Rebar, Thome and Doe, would cause them to unreasonably seize and detain K.S when other alternatives were readily available and known to those Defendants and contrary to MCL §712A.16 which in turn caused Plaintiffs to suffer damages as a result.

57.    The City's failure to adequately supervise, monitor and/or train its employees, including Defendants Rebar, Thome and Doe, constitutes a deliberate indifference to Plaintiffs' constitutional rights.

58.     The City's failure to adequately supervise, monitor and/or train its employees, including Defendants Rebar, Thome and Doe, was the moving force of K. S.'s unreasonable seizure and detention in a holding cell.

59.     As a direct and proximate result of the City's failure to adequately supervise, monitor and/or train its employees, including Defendants Rebar, Thome and Doe, K.S. was unreasonably seized and detained in a holding cell when other alternatives were readily available and known to those Defendants and contrary to MCL 712A.16, which caused Plaintiffs to suffer damages including but not limited to:

    a.    Unlawful/false arrest, seizure and loss of liberty without procedural due process;

    b.    Pain and suffering;

    c.    Severe mental anguish, emotional and psychological distress, humiliation, indignities, embarrassment and degradation;

    d.    Loss of earnings and earning potential; and

    e.    Continuing injuries and damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the City for: (a) compensatory damages; (b) attorneys' fees and costs pursuant to 42 U.S.C. §1988, and other applicable law;

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

(c) punitive damages against to the extent it acted willfully, wantonly, and/or maliciously; and (d) any other relief this Court deems just and appropriate.

**COUNT IV—42 U.S.C. § 1983**
**Municipal Liability Under *Monell* – Policies, Customs and Practices -**
**Against the City**

60.     Plaintiffs incorporate paragraphs 1 through 59, *supra*, as if more fully set forth herein.

61.     As pled throughout this Complaint, the City, by and through its police officers and employees, and upon information and belief, implemented policies, customs and/or practices to unreasonably seize minors and detain them in holding cells in violation of the Fourth and 14th Amendments and MCL §712A.16 when other alternatives were readily available and known to Defendants.

62.     The City's aforementioned policies, customs and/or practices of seizing minors and detaining them in holding cells when other alternative remedies were known to Defendants amounts to an unconstitutional de facto policy.

63.     By and through their policymakers, employees and agents, the City maintained policies, customs and/or practices that violated K. S. 's clearly

16

established rights under the Fourth and Fourteenth Amendments and MCL §712A.16.

64. K. S. 's unreasonable seizure and detention was caused by the City's policies, customs and/or practices to seize minors and detain them in holding cells when other alternatives were readily available and known to Defendants.

65. The City's policies, customs and/or practices to seize minors and detain them in holding cells when other alternatives were readily available and known to those Defendants were the moving force of K.S.'s unreasonable seizure and detention.

66. As a direct and proximate result of the City's policies, customs and/or practices to seize minors and detain them in holding cells when other alternatives were readily available and known to those Defendants, Plaintiffs suffered damages including but not limited to:

    a. Unreasonable seizure and loss of liberty without procedural due process;

    b. Pain and suffering;

    c. Severe mental anguish, emotional and psychological distress, humiliation, indignities, embarrassment and degradation;

    d. Loss of earnings and earning potential; and

    e. Continuing injuries and damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the City for: (a) compensatory damages; (b) attorneys' fees and costs pursuant to 42 U.S.C. §1988, and other applicable law; (c) punitive damages against to the extent it acted willfully, wantonly, and/or maliciously; and (d) any other relief this Court deems just and appropriate.

### COUNT V—State Law Claim
### Violation of the Constitution of Michigan of 1963 – Against Defendants Rebar, Thome and Doe

67.     Plaintiffs incorporate paragraphs 1 through 66, *supra*, as if more fully set forth herein.

68.     Article I, Section 11 of the Constitution of Michigan of 1963 protects individuals from unreasonable seizures and detention.

69.     On February 22, 2026, Officers Rebar and Thome, acting under color of law and within the scope of their employment and authority, seized K. S. by placing her in the back of an Eastpointe Police Department vehicle and then detained her by placing her in a locked holding cell  at the Eastpointe Police Department.

70.     Instead of simply driving K. S. home, which was only located approximately one mile from the site of the traffic stop, and/or allowing her relatives to transport her home, who were ready, willing and able to do so, which

fact was communicated to Defendants, Defendants unreasonably seized and detained her in a holding cell intended for adults.

71. Defendant Jane Doe, acting under color of law and within the scope of her employment and authority, was working at the front desk of the Eastpointe Police Station when K. S. was brought in and unreasonably detained in a locked holding cell against her will.

72. Officers Rebar and Thome deprived K.S. of her constitutional rights under the Constitution of Michigan of 1963 by seizing her, placing her in the back of an Eastpointe Police Department vehicle and subsequently detaining her in a locked holding cell when other alternatives were readily available and known to those Defendants.

73. K. S. was seized and detained by Officers Rebar and Thome and Defendant Jane Doe despite the fact Kimberly Smith was ready, willing and available to transport her home from the site of the traffic stop and this fact was communicated to Officers Rebar and Thome.

74. Defendant Jane Doe unlawfully deprived K. S. of her constitutional rights under the Constitution of Michigan of 1963 by unreasonably detaining her against her will in a locked holding cell and/or failing and/or refusing to release

19

her from the holding cell when other alternatives were readily available and known to Defendant Jane Doe.

75. Defendants Rebar, Thome and Doe violated Plaintiffs' clearly established rights in the Constitution of Michigan of 1963 to be free from unreasonable seizure and deprivation of liberty by seizing K.S. and placing her in a locked holding cell when other alternatives were readily available and known to those Defendants.

76. Defendants did not advise K.S. that she was free to leave.

77. Defendants detained K.S. for an unreasonable period of time and failed to promptly arrange her release to her relatives.

78. A reasonable person in K.S.' position would not believe she was free to leave since she was detained in a locked holding cell for more than 30 minutes and was never informed by Defendants that she was free to leave.

79. As a direct and proximate result of the foregoing actions and/or omissions, Plaintiffs suffered injuries, including but not limited to:

    a. Unreasonable seizure and loss of liberty when alternatives were readily available and known to Defendants;;

    b. Pain and suffering;

20

c.   Severe mental anguish, emotional and psychological distress, humiliation, indignities, embarrassment and degradation;

d.   Loss of earnings and earning potential; and

e.   Continuing injuries and damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Officers Rebar, Thome and Defendant Jane Doe for: (a) compensatory damages; (b) attorneys' fees and costs; (c) punitive damages against to the extent they acted willfully, wantonly, and/or maliciously; and (d) any other relief this Court deems just and appropriate.

## COUNT VI—State Law Claim
### False Imprisonment – Against Officers Rebar, Thome and Defendant Jane Doe

80.   Plaintiffs incorporate paragraphs 1 through 79, *supra*, as if more fully set forth herein.

81.   On February 22, 2026, Officers Rebar, Thome and Defendant Doe intentionally confined K. S. in a locked holding cell in the Eastpointe Police Department when other alternatives were readily available and known to those Defendants.

82.   Defendants Rebar, Thome and Does's actions and/or omissions, including but not limited to simply releasing her to relatives or driving her home

21

(which was approximately one mile away from the traffic stop), directly resulted in K.S.'s involuntary and unlawful confinement.

83. K. S. was aware and conscious of her confinement.

84. Defendants' confinement of K. S. was unreasonable because Kimberly Smith was ready, willing and able to transport her home from the site of the traffic stop and because K. S. lived only one mile from the site of the traffic stop.

85. Defendants did not advise K.S. that she was free to leave.

86. Defendants detained K.S. for an unreasonable period of time and failed to promptly arrange her release to her relatives.

87. A reasonable person in K.S.' position would not believe she was free to leave since she was detained in a locked holding cell for more than 30 minutes and was never informed by Defendants that she was free to leave.

88. As a direct and proximate result of the foregoing actions, Plaintiffs suffered injuries, including but not limited to:

a. Unreasonable seizure and loss of liberty when alternatives were readily available and known to Defendants;

b. Pain and suffering;

c. Severe mental anguish, emotional and psychological distress, humiliation, indignities, embarrassment and degradation;

22

d.    Loss of earnings and earning potential; and

e.    Continuing injuries and damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Officers Rebar, Thome and Defendant Jane Doe for: (a) compensatory damages; (b) attorneys' fees and costs; (c) punitive damages against to the extent they acted willfully, wantonly, and/or maliciously; and (d) any other relief this Court deems just and appropriate.

## COUNT VII—State Law Claim
## Gross Negligence  – Against All Defendants

89.    Plaintiffs incorporate paragraphs 1 through 88, *supra*, as if more fully set forth herein.

90.    Defendants owed Plaintiffs a duty to refrain from unreasonably seizing and detaining her in a locked holding cell meant for adults when she could have been released to the custody of her relatives who were ready willing and able to transport her home, which fact was communicated to Defendants, and/or when Defendants could have simply transported K. S. to her home which was located approximately one mile away from the site of the traffic stop.

91.    Defendants, acting with the scope of their employment and while performing a governmental function, breached the aforementioned duties of care by unlawfully placing K. S. in the back of an Eastpointe Police Department

vehicle, transporting her to the Eastpointe Police Department and detaining her in a locked holding cell intended for adults.

92.     Defendants' conduct of detaining an innocent eight-year-old child in a locked holding cell meant for adults, despite the fact that she her relatives could have picked her up from the site of the traffic stop and/or Defendants could have transported her home, which was approximately one mile from the site of the traffic stop, was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

93.     As a direct and proximate result of the foregoing actions, Plaintiffs suffered injuries, including but not limited to:

    a.    Unreasonable seizure and loss of liberty when alternatives were readily available and known to Defendants;

    b.    Pain and suffering;

    c.    Severe mental anguish, emotional and psychological distress, humiliation, indignities, embarrassment and degradation;

    d.    Loss of earnings and earning potential; and

    e.    Continuing injuries and damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Officers Rebar, Thome and Defendant Jane Doe for: (a) compensatory damages; (b) attorneys' fees and costs; (c) punitive

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

damages against to the extent they acted willfully, wantonly, and/or maliciously; and (d) any other relief this Court deems just and appropriate.

**COUNT VIII—State Law Claim**
**Negligent Infliction of Emotional Distress – Against Defendants Rebar and Thome**

94. Plaintiffs incorporate paragraphs 1 through 93, *supra*, as if more fully set forth herein.

95. Defendants Rebar and Thome's unreasonable seizure and detention of eight-year-old K. S. constituted an injury threatened or inflicted on K.S., of a nature to cause severe mental disturbance to Plaintiff Joe Nathan Smith Jr., as he watched his eight-year-old daughter be placed in the back of an Eastpointe Police Department vehicle despite the fact that he told Officers Rebar and Thome a relative could have picked her up, and despite the fact that K.S lived approximately one mile away from the site of the traffic stop.

96. The shock of witnessing these events caused actual, physical harm to Plaintiff Joe Nathan Smith, Jr.

97. Joe Nathan Smith, Jr. is K. S.'s father.

98. Joe Nathan Smith, Jr. was present at the time Defendants Rebar and Thome unreasonably seized K. S. and placed her in the back of an Eastpointe Police Department vehicle without her consent.

25

99.     As a direct and proximate result of Defendants Rebar and Thome's foregoing actions, Joe Nathan Smith, Jr. suffered injuries, including but not limited to:

a.     Physical injury, pain and suffering;

b.     Severe mental anguish, emotional and psychological distress, humiliation, indignities, embarrassment and degradation;

c.     Loss of earnings and earning potential; and

d.     Continuing injuries and damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Officers Rebar and Thome for: (a) compensatory damages; (b) attorneys' fees and costs; (c) punitive damages against to the extent they acted willfully, wantonly, and/or maliciously; and (d) any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all issues so triable.

Respectfully submitted,

By:   *Randall A. Pentiuk*
Randall A. Pentiuk (P32556)
Attorneys for Plaintiff
2915 Biddle Avenue, Suite 200
Wyandotte, MI 48192
Phone:   (734) 281-7100
Rpentiuk@pck-law.com

Dated: June 24, 2026

26